United States District Court
Southern District of Texas
ENTERED
August 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TILHAJASAE HAYNES, (TDCJ #02477077), | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-26-1958 |
| | § | |
| CARTER HESTON, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Tilhajasae Haynes, (TDCJ #02477077), was formerly a state inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division.[1] Proceeding *pro se* and *in forma pauperis*, he filed a complaint under 42 U.S.C. § 1983 on March 11, 2026, alleging that multiple TDCJ officials violated his civil rights during a use-of-force incident at TDCJ's Holliday Unit on January 20, 2024. (Dkt. 1). Because Haynes is proceeding *in forma pauperis*, the Court must examine his complaint and dismiss those claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915(e)(2). After initial review of Haynes's complaint, the Court ordered him to show cause why this

[1]Haynes filed a notice of change of address with the Court on July 24, 2026, reflecting his release from TDCJ custody. (Dkt. 8).

action is not barred by the two-year statute of limitations applicable to civil rights actions in Texas. (Dkt. 6). Haynes filed a response. (Dkt. 7). Having reviewed the complaint, the response to the Order to Show Cause, the record, and the law, the Court now dismisses this action as untimely filed.

## I. BACKGROUND

Haynes's complaint alleges that on January 20, 2024, TDCJ Corrections Officers Heston, Jimenez, Cambrena, and two unidentified officers assaulted him for three to five minutes. (Dkt. 1, p. 4). He alleges that the officers kneed him in the nose, punched him in the face, punched the back of his head, and slammed him face-first into the ground. (*Id.* at 15-16). The use of force continued even after he was on the ground and handcuffed. (*Id.* at 16). Haynes does not allege any facts about what happened before the use of force to bring him to the officers' attention or what ultimately caused it to stop.

Haynes alleges that Correctional Officers Salinas, O'Bryant, and Marano were present and watched the assault but failed to take any steps to protect him from the use of force. (*Id.* at 14). He further alleges that TDCJ officers R. Garza and K. Metz failed to protect him from Officer Heston, whom Haynes alleges was known to them to be violent. (*Id.* at 13). Finally, he alleges that the Holliday Unit and TDCJ-CID failed to maintain safe facilities and disregarded violent attacks on inmates by its employees. (*Id.* at 12-13). Haynes alleges that he suffered physical

injuries as a result of the assault and that treatment for those injuries was delayed. (*Id.* at 15-16). As relief, he seeks money damages in varying amounts from each of the defendants. (*Id.* at 20).

Haynes filed a prior action in Walker County Cause Number 2431586, seeking damages for the same injuries against the same defendants, which was dismissed. (*Id.* at 2-3). The state-court's order shows that the action was dismissed on February 5, 2025, because Haynes had failed to comply with the requirements of Texas Civil Practice and Remedies Code § 14.004 and § 14.005, which apply to individuals seeking to proceed *in forma pauperis* in the state courts. (Dkt 1-2, pp. 3-5). Haynes appealed, and the appellate court issued a ruling on November 6, 2025, affirming the dismissal but changing it to be without prejudice. (*Id.* at 4). *See Haynes v. Heston*, No. 10-25-00063-CV, 2025 WL 3096822 (Tex App–Waco, Nov. 6, 2025, no pet.).

In a letter attached to Haynes's complaint, he states that he attempted to re-file his action in the state court in February 2026, and he did so on the form approved for use by prisoners filing federal civil-rights actions under § 1983. (Dkt. 1-1, pp. 1-3). The state-court clerk returned the complaint to Haynes on February 19, 2026, saying that it appeared that he intended to file the action in federal court. (Dkt. 1-2, p. 1). Haynes then filed his complaint in this Court on March 11, 2026.

Because it appeared from the face of the complaint that it was not timely filed, the Court ordered Haynes to show cause why this action should not be dismissed as barred by the statute of limitations. (Dkt. 6). In his response Haynes alleges that his October 2024 complaint was filed in state court on the form approved for use by prisoners filing federal civil-rights actions under § 1983, which is the same form he used when he tried to refile the action in February 2026. (Dkts. 7, p. 1; 7-1). He alleges that the state-court accepted the October 2024 pleading and adjudicated the case. (Dkt. 7, p. 1). When he attempted to re-file the action using the same form in February 2026, the state-court clerk rejected that filing, telling Haynes that "it appears it needs to be filed with the United States District Court." (Dkts. 1-2; 7, p. 2).

Haynes alleges that the rejection of his re-filed action in February 2026 demonstrates that the state court wrongly accepted jurisdiction over the first action in October 2024. (Dkt. 7, pp. 1–2). He asserts that the state court affirmatively misled him by accepting his October 2024 complaint when it had no jurisdiction to do so. (*Id.*). He alleges that these actions are sufficient to entitle him to equitable tolling of the statute of limitations because he was "misled" into believing that he had filed his original action in the correct forum. (*Id.* at 2). He seeks equitable tolling of the limitations period from when his original action was "improperly

accepted" by the state court in October 2024 until the misinformation was corrected in February 2026. (*Id.* at 2–3).

## II. LEGAL STANDARDS

### A. The Prison Litigation Reform Act

Haynes's action, which he filed while in prison, is governed by the Prison Litigation Reform Act, (PLRA). The PLRA requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it determines that the complaint "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if

it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. *Pro Se* Pleadings**

Haynes is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment

evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up). Thus, while *pro se* litigants are held to less stringent pleading standards than attorneys, they "still must actually argue something that is susceptible of liberal construction." *Toole v. Peak*, 361 F. App'x 621, 621 (5th Cir. 2010) (per curiam).

## III. DISCUSSION

The Court has previously set out the law concerning the statute of limitations for civil-rights actions under § 1983. In short, there is no federal statute of limitations for actions under § 1983, so federal courts borrow the forum state's general personal injury limitations period. *See Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). Because "Texas has a two-year statute of limitations for personal injury claims[,]" a civil-rights plaintiff in Texas has two years from the date his claims arise to file suit. *Balle v. Nueces County, Tex.*, 952 F.3d 552, 556 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)); *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Generally, a claim arises when "the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Matter of Hoffman*, 955 F.3d 440, 444 (5th Cir. 2020) (per curiam) (cleaned up). The plaintiff need not know that he has a legal cause of action; he only needs to know the facts that would ultimately support a claim. *See Piotrowski*, 237 F.3d at 576. As a result, a civil-rights action brought by an injured Texas plaintiff more than

two years after he knew or had reason to know of his injury is barred by limitations and subject to dismissal unless he can show grounds for equitable tolling of the limitations period. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019–20 (5th Cir. 1998); *see also Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998) (noting that Texas's equitable tolling principles apply to § 1983 cases filed by plaintiffs injured in Texas).

Haynes does not dispute that his current complaint was not filed within two years of when it arose. He instead relies on certain events that occurred during the pendency of his prior state-court proceedings to contend that the federal statute of limitations should be tolled and his complaint considered timely filed.

Haynes first appears to contend that the pendency of his allegedly wrongfully filed state-court proceeding, standing alone, should toll the limitations period. And under Texas law, the limitations period is tolled when a plaintiff's legal remedies are precluded by the pendency of other legal proceedings. *See Holmes v. Tex. A & M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) ("Texas courts have held that as a general rule, where a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." (quoting *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (per curiam))).

But Haynes's federal action was not precluded by the pendency of the state action. "Federal jurisdiction over section 1983 is concurrent, not exclusive." *Home*

*Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1013 (5th Cir. 1998); *see also Sims v. City of Madisonville*, 894 F.3d 632, 645 (5th Cir. 2018) (per curiam). Therefore, the pendency of an action in the state courts neither precludes filing an action in federal court nor tolls the limitations period applicable to the federal claims. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.") (cleaned up); *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993) (per curiam) (the pendency of state proceedings does not toll the federal limitations period when the prisoner was not required to proceed in state court); *Gant v. Garofano*, 119 F. App'x 602, 602–03 (5th Cir. 2004) (per curiam) (rejecting claim that limitations period should have been tolled by pendency of prior, unsuccessful state action when the plaintiff was not required to pursue the state remedy before pursuing relief in federal court). Since Haynes was not required to pursue his claim in state court before seeking relief in federal court, his prior state action does not toll the limitations period for purposes of this federal action.

Haynes also contends that the limitations period should be tolled because his first action was filed in the wrong court. He does not identify a legal basis for this argument. However, "[w]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court." *Fed. Deposit Ins. Corp.*

*v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993); *see also Rotella*, 144 F.3d at 894. And Texas has a statutory tolling provision that applies when an action is first filed in the incorrect court. That provision states:

> (a) The period between the date of filing an action in a trial court and the date of a second filing of the same action in a different court suspends the running of the applicable statute of limitations for the period if:
>
>> (1) because of lack of jurisdiction in the trial court where the action was first filed, the action is dismissed or the judgment is set aside or annulled in a direct proceeding; and
>>
>> (2) not later than the 60th day after the date the dismissal or other disposition becomes final, the action is commenced in a court of proper jurisdiction.

TEX. CIV. PRAC. & REMEDIES CODE § 16.064(a). Haynes contends that the state-court clerk's rejection of his re-filed action in February 2026 demonstrates that the state court did not have jurisdiction over his action when it was initially filed in October 2024. His claim that equitable tolling should apply for the period that his allegedly improperly filed state action was pending is potentially a claim under this statutory provision.

But this provision does not provide relief for two reasons. First, Haynes's initial state-court action was not dismissed for lack of jurisdiction, as required by § 16.064(a)(1). It was instead dismissed because Haynes had not satisfied the requirements of Texas's *in forma pauperis* statute. That fact alone renders this basis for equitable tolling inapplicable.

Second, Haynes's action was not wrongly filed in a court without jurisdiction. As explained above, state and federal courts have concurrent jurisdiction to adjudicate prisoner civil-rights actions seeking relief under § 1983. *See, e.g., Sims*, 894 F.3d at 645; *Home Builders Ass'n*, 143 F.3d at 1013. Texas courts routinely handle claims raised under § 1983. Whatever the state-court clerk's motivations may have been in returning Haynes's re-filed complaint to him, it was not rejected for lack of jurisdiction. Therefore, Haynes is not entitled to equitable tolling under § 16.064(a), and his complaint is untimely unless another provision applies.

Texas also recognizes equitable tolling in certain circumstances based on excusable ignorance of the limitations period. Under this provision, Texas courts consider the plaintiff's "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Hand v. Stevens Transp., Inc. Emp. Benefit Plan*, 83 S.W.3d 286, 293 (Tex. App.–Dallas, 2002, no pet.). But this common-law tolling provision does not apply here. While Haynes asserts that he diligently pursued his rights, the state-court filings show that his appeal was decided in November 2025. At that point, more than two months remained in the limitations period. But Haynes did not attempt to refile his action in the state court until mid-February of 2026—almost a month after the limitations period had expired. The

limitations period thus expired not because Haynes was misled as to the proper forum, but instead because he waited too long to attempt to re-file his action. Equitable tolling does not apply to extend the limitations period under these circumstances.

Finally, Haynes relies on his lack of education, his *pro se* status, and his ignorance of the law as reasons to extend the limitations period. But the Fifth Circuit has repeatedly held that neither lack of knowledge of the law or filing deadlines nor status as a layman excuses delay. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (citing cases). Such facts, common to most prisoner litigants, are not extraordinary circumstances that warrant equitable tolling of the limitations period.

Haynes has failed to identify a legal or equitable basis for extending the limitations period applicable to his § 1983 action. His action is therefore barred by the statute of limitations and will be dismissed on this basis.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil-rights action filed by Tilhajasae Haynes, (Dkt. 1), is **DISMISSED with prejudice** as barred by the statute of limitations.
2. Any pending motions are **DENIED as moot.**
3. Final judgment will be separately entered.
4. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on Aug. 3, 2026.

DAVID HITTNER
UNITED STATES DISTRICT JUDGE